# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERE MARQUETTE HOTEL PARTNERS, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5921** |
| **UNITED STATES OF AMERICA, ET AL** | **SECTION "K"(2)** |

## ORDER AND OPINION

Before the Court is the "Motion for Dismissal Under Rule 12(b)(2) (Lack of Personal Jurisdiction) and Under Rule 12(b)(5) (Insufficient Service of Process)" filed on behalf of defendant CSX Corporation ("CSX") (Doc. 6) contending that the Court lacks jurisdiction over the person of CSX and that plaintiff lacks sufficient service of process on CSX. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

## BACKGROUND

Plaintiff Pere Marquette Hotel Partners, L.L.C. ("Pere Marquette") owns the property located at 817 Common Street in New Orleans, Louisiana. The Common Street property sustained damage as a result of Hurricane Katrina and the failure of the levees which resulted in catastrophic flooding in the Greater New Orleans Metropolitan area. Plaintiff filed suit against a number of defendants,[1] including CSX and CSX Transportation, Inc. CSX is the parent company of CSX Transportation, Inc. The complaint alleges that CSX, together with CSX Transportation, Inc.,

---

[1] Plaintiff also named as defendants: United States of America, Board of Commissioners of the Orleans Levee District, Board of Commissioners of the East Jefferson Levee District, Sewerage and Water Board of New Orleans, St. Paul Fire & Marine Insurance Company, National Union Fire Insurance Company of Pittsburgh, Board of Commissioners for the Port of New Orleans, and The Public Belt Railroad Commission for the City of New Orleans.

negligently designed and constructed a railroad crossing at or near the Industrial Canal's flood protection structures which compromised the safety of the levee/floodwall system of the Industrial Canal.

CSX seeks to dismiss plaintiff's claims for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) for the same reasons stated its motion to dismiss filed in *In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, (E.D. La.) Doc. 10696. Therefore, the Court considers that CSX has adopted in full the memorandum and exhibits it filed in support of that previously filed motion to dismiss. In opposing this motion to dismiss, plaintiff "adopt[ed] as if fully incorporated herein the opposition filed in response to CSX's Motion to Dismiss . . . in [*In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (E.D. La.) Doc. 11195]."

LAW and ANALYSIS

"When, as here, the district court did not conduct an evidentiary hearing on defendant's motion to dismiss, the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction." *Central Freight Lines v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

In a diversity action such as this, a federal district court may exercise personal jurisdiction only to the extent permitted by the applicable law of the forum state. Fed. R. Civ. P. 4(e)(1), (h)(1), and k(1). The Louisiana long-arm statute extends personal jurisdiction to the maximum limits permitted by due process. La. Rev. Stat. 13: 3201(B); *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 624 (5th Cir. 1999).

"The Due Process Clause of the Fourteenth Amendment protects an individual's liberty

2

interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Central Freight Lines v. APA Transport Corp.*, 322 F.3d at 380, quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The exercise of personal jurisdiction over a foreign defendant comports with the Due Process Clause when "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts with the forum state, and (2) the exercise of personal jurisdiction does not offend traditional notices of 'fair play and substantial justice.'" *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

> Sufficient minimum contacts will give rise to either specific or general jurisdiction. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are continuous and systematic. Specific jurisdiction arises when the defendant's contacts with the forum arise from, or are directly related to the cause of action.

*Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (internal quotations and citations omitted).

It is undisputed that CSX does not operate as a railroad, has never operated as a railroad, and has been authorized by the Interstate Commerce Commission and the Surface Transportation Board, only to own and control common carrier railroads. The following facts are also undisputed:

- CSX has never been authorized to conduct business in Louisiana;
- CSX has never had an office in Louisiana;
- CSX has never had an officer or other employee working in Louisiana;
- CSX has never had any assets in Louisiana;
- CSX does not have an agent for service of process in Louisiana; and
- CSX has an internet website which can be accessed in Louisiana.

Plaintiff contends that CSX's internet presence in Louisiana as a result of its website

3

satisfies the requirements for the exercise of personal jurisdiction. The Court disagrees.

In analyzing whether a defendant's website can support a finding of personal jurisdiction over that defendant, the Fifth Circuit has employed the "sliding scale" analysis of *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. 1997) which provides:

> At the one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which "involve the knowing and repeated transmission of computer files over the Internet . . . ." *Zippo*, 952 F.Supp. at 1124. In this situation, personal jurisdiction is proper. *See id.*, (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996)). At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. *See id.* (citing *Bensusan Restaurant Corp. v. King*, 937 F.Supp. 295 (S.D. N.Y. 1996), *aff'd*, 126 F.3d 25 (2nd Cir. 1997). In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, "the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website. *Id.* (citing *Maritz, Inc. v. Cybergold, Inc.*, 947 F.Supp. 1328 (E.D. Mo. 1996)).

*Mink v. AAAA Development, LLC*, 190 F.3d 333, 336 (5th Cir. 1999). With respect to satisfying the requirements for the exercise of general jurisdiction, the Fifth Circuit has acknowledged that "[w]hile we deployed [the] sliding scale in *Mink v. AAAA Development LLC*, it is not well adapted to the general jurisdiction inquiry, because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction . . .." *Revell v. Lidov*, 317 F.3d at 471.

Plaintiff urges that the CSX website is sufficiently interactive to support a finding of general jurisdiction based on the following activities which can be undertaken using the website: 1) potential customers can initiate shipments using CSX's rail, intermodal, and rail-to-truck services;

4

2) individuals can apply for a job; 3) entities can become a supplier; and individuals can purchase items from the "company store." Plaintiff also cites the fact that the website "requires that [customers] use electronic tools to conduct shipping transactions" in support of their claim that through the website CSX has the requisite contacts with Louisiana to satisfy the constitutional requirements for this Court to exercise of personal jurisdiction over CSX. Opposition to CSX Corporation's Motion to Dismiss, p.8 (Doc. 11195).

No extensive analysis of the interactive nature of the CSX website is necessary. The "Corporate Structure" page on the website provides in pertinent part that "[a]s used in this Internet site, 'CSX,' 'CSXT,' or 'CSX Transportation' refers to CSX Transportation, Inc., and that 'CSX Corp.' or 'CSX Corporation' refers to CSX Corporation." *In Re: Katrina Canal Breaches Consolidated Litigation*, No. 05-4182 (E.D. La.) Doc. 11288. It is clear that the interactive website functions identified by plaintiff permit internet users to interact, not with CSX Corporation, but rather only with CSX Transportation, a wholly owned subsidiary of CSX Corporation. As to CSX Corporation, the defendant at issue herein, the website is passive and insufficient to serve as the foundation for the exercise of personal jurisdiction. Accordingly, the motion to dismiss pursuant to Rule 12(b)(2) is GRANTED. Having determined that personal jurisdiction over CSX Corporation is lacking, the Court need not determine whether plaintiff properly served CSX Corporation.

New Orleans, Louisiana, this 10th day of February, 2010.

```
                                    _____
                                         STANWOOD R. DUVAL, JR.
                                       UNITED STATES DISTRICT JUDGE
```